UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONENA SHANTEL WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>LAVORE GALBERT,<br>A. FASCHING (ANDREW), and<br>L. BOESE, (LLOYD),<br><br>    Defendants. | Civil No. 10-4191 (PAM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Minnesota Correctional Facility in Shakopee, Minnesota, ("MCF-Shakopee"), commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By orders dated November 2, 2010, and December 13, 2010, (Docket Nos. 3 and 7), Plaintiff was advised that her IFP application would not be addressed, and her case would not go forward, until after she paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

Plaintiff recently paid her initial partial filing fee, (Docket No. 8), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint cannot survive the screening process mandated by § 1915A. The Court will therefore recommend that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff's current lawsuit stems from an incident that allegedly occurred at MCF-Shakopee on June 29, 2010. On that date, Plaintiff was sitting at a table with some friends, when she noticed that she was being "stalked" by a fellow inmate, Defendant Lavore Galbert. Plaintiff alleges that Galbert watched her from a "2nd floor landing" for about 15 minutes, and then came downstairs and sat down near Plaintiff. Galbert did nothing more at that time.

After Galbert sat down, Plaintiff got up, went over to a nearby "staff desk," and talked to a correctional officer, Defendant Lloyd Boese. Plaintiff told Boese that Galbert was "not suppose[d] to be out," because it was not her time for a break. As Plaintiff was talking to Boese, Galbert allegedly came up from behind and hit Plaintiff above the ear with a stapler.

Boese and Defendant Andrew Fasching, along with another person named Paul Drewitz, told Galbert to put down the stapler. However, Galbert allegedly ignored that directive, and proceeded to hit another inmate in the head. Thereafter, more guards arrived on the scene, and subdued Galbert. She was "hauled off" in handcuffs, as was Plaintiff.

Based on these limited factual allegations, Plaintiff is attempting to sue Defendants Galbert, Boese and Fasching under 42 U.S.C. § 1983. She claims that Defendants are liable to her for "failure to protect." Although the complaint does not describe any injuries that Plaintiff incurred, she is seeking money damages for alleged "pain and suffering," and "mental anguish." Plaintiff is also seeking a judgment that would create an "institutional separation," by causing Galbert to "get shipped to a maximum security prison."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, (Defendants Boese and Fasching), her complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every prisoner civil action brought against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable § 1983 civil rights claim, as Plaintiff is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must

describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

    A. Claims Against Defendants Boese and Fasching

Although Plaintiff's complaint does not clearly identify any constitutional basis for her current lawsuit, it can reasonably be inferred that she is attempting to sue Defendants Boese and Fasching for violating her rights under the Eighth Amendment, by failing to protect her from Defendant Galbert. However, the facts alleged in the complaint cannot support an actionable Eighth Amendment "failure to protect" claim.

The Eighth Circuit Court of Appeals has explained that –

> "[T]he eighth amendment's prohibition against cruel and unusual punishment requires prison officials to 'take reasonable measures to guarantee' inmate safety by protecting them from attacks by other prisoners, Farmer v. Brennan, 511 U.S. 825, 832... (1994).... Of course, prison officials do not commit a constitutional violation every time one prisoner attacks another. See id. at 834...; Blades v. Schuetzle, 302 F.3d 801, 803-04 (8th Cir.2002). In order to establish an eighth amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent to a 'substantial risk of serious harm.' Farmer, 511 U.S. at 828...."

Young v. Selk, 508 F.3d 868, 871-72 (8th Cir. 2007).

> "To prove deliberate indifference, an inmate must make a two-part showing: 'The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'' Irving v. Dormire, 519 F.3d 441, 446 (8th Cir.2008)

4

(quoting Farmer, 511 U.S. at 834).... The deprivation is "objectively, sufficiently serious,' [under the first requirement when] the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" Young, 508 F.3d at 872 (quoting Farmer, 511 U.S. at 834...). 'An official is deliberately indifferent [under the second requirement] if he or she actually knows of the substantial risk and fails to respond reasonably to it.' Id. at 873 (citing Farmer, 511 U.S. at 844-45)."

Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir. 2010).

In this case, Plaintiff has failed to plead sufficient facts to state an actionable "failure to protect" claim. It is doubtful that Plaintiff's factual allegations satisfy the first ("objective") requirement for such a claim – i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm;[1]" but even if that requirement were met, Plaintiff's claim still fails, because there certainly are no factual allegations to support the second ("subjective") requirement – i.e., that Defendants actually knew about the substantial risk of serious harm, and failed to respond in a reasonable manner.

> "In a claim involving an assault by one inmate on another, the subjective component asks whether the prison official was deliberately indifferent to a serious risk of an attack on the inmate. Id. The subjective component requires that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also draw the inference." Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir.2003) (quoting Farmer, 511 U.S. at 837...). Negligence on the part of the prison official is insufficient to satisfy the subjective component; the official must <u>recklessly disregard a known, excessive risk of serious harm</u> to the inmate. Id."

---

[1] To sustain the objective component of a failure to protect claim, Plaintiff would have to show that Galbert actually posed a <u>substantial</u> risk of causing <u>serious</u> harm to Plaintiff. The allegation that Galbert struck Plaintiff in the head with a stapler shows that Galbert must have presented some type of threat to Plaintiff's well-being. However, the complaint does not show that Galbert's alleged aggression was readily predictable; nor does the complaint show that Plaintiff was exposed to, and actually suffered, any significant injury. Therefore, based on the limited allegations in the complaint, it does not appear that Plaintiff was exposed to a "substantial risk of serious harm."

5

Norman v. Schuetzle, 585 F.3d 1097, 1104 (8th Cir. 2009) (emphasis added).

Here, Plaintiff has not alleged any facts suggesting that either Defendant Boese or Defendant Fasching had any reason to believe that Plaintiff was exposed to a substantial risk of being harmed by Defendant Galbert. Based on the facts alleged in the complaint, it appears that Defendant Boese was present when Plaintiff was hit by Galbert, but there are not allegations suggesting that Boese had any foreknowledge of Galbert's alleged attack, or that he failed to take reasonable precautions to protect Plaintiff. According to the complaint, Plaintiff told Boese that Galbert was "not suppose[d] to be out," and while she was speaking to Boese, Galbert came up from behind and hit her. There is nothing in these allegations, (or anywhere else in the complaint), which suggests that Boese knew that Galbert posed "an excessive risk of serious harm" to Plaintiff.

It is even more clear that Plaintiff has not pleaded an actionable failure to protect claim against Defendant Fasching. Plaintiff alleges that after she was hit by Galbert, Defendant Fasching told Galbert to put down the stapler. That allegation alone, (and there is nothing else), is plainly inadequate. Again, there are no allegations suggesting that Defendant Fasching had any reason to believe that Galbert presented an excessive risk of harm to Plaintiff.

In sum, Plaintiff has not alleged any facts showing that either Defendant Boese or Defendant Fasching was actually aware that Defendant Galbert posed a substantial risk of causing serious harm to Plaintiff. Therefore, Plaintiff's complaint does not state an actionable Eighth Amendment "failure to protect" claim.

### B. Claim against Defendant Galbert

Plaintiff has not identified any legal basis for her claim against Defendant Galbert. Plaintiff cannot sue Galbert under 42 U.S.C. § 1983, because there are no allegations suggesting that Galbert was acting under color of state law during any of the events described in the complaint. To the contrary, it clearly appears that Galbert was an incarcerated private citizen at all times relevant to Plaintiff's current lawsuit.

Giving Plaintiff's complaint the benefit of liberal construction, the Court finds that it is possible she could be attempting to sue Galbert based on some type of state common law tort theory, e.g., intentional assault. Plaintiff apparently wants the federal court to exercise supplemental jurisdiction over her state law claim against Galbert, pursuant to 28 U.S.C. § 1367.

Under § 1367(c)(3), however, federal courts may decline to exercise supplemental jurisdiction over state law claims when the court has "dismissed all claims over which it has original jurisdiction." This clause of the supplemental jurisdiction statute is directly applicable here, as it has already been determined that all of Plaintiff's attempted federal claims, (i.e., her § 1983 claims against Defendants Boese and Fasching), must be dismissed. "[W]hen federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims." Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981); see also, Save Our Health Organization v. Recomp of Minnesota, 829 F.Supp. 288, 293 (D.Minn. 1993), aff'd, 37 F.3d 1334 (8th Cir. 1994).

The instant case has not progressed beyond the filing of the complaint, so the interests of "judicial efficiency, convenience, and fairness to the litigants" will not be compromised by the federal court's refusal to entertain Plaintiff's state law claims. Condor Corp. v. City of St. Paul, 912 F.2d 215, 221 (8th Cir. 1990). Furthermore, the federal court

would not be the most suitable forum for adjudicating Plaintiff's state law claims. See id. at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible"). Therefore, it would not be appropriate to exercise supplemental jurisdiction over Plaintiff's current state law claims against Defendant Galbert. Those claims should be dismissed without prejudice, leaving Plaintiff free to pursue them in the state courts, if she chooses. See Stokes v. Lokken, 644 F.2d at 785.[2]

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state any actionable claim for relief against Defendants Boese and Fasching. It will therefore be recommended that this action be summarily dismissed as to those two Defendants pursuant to 28 U.S.C. § 1915A(b)(1). The Court further recommends that supplemental jurisdiction should not be exercised over any state law claim that Plaintiff might be attempting to bring against Defendant Galbert.

Because Plaintiff has not stated a claim that can properly be entertained in federal court, it will also be recommended that her application to proceed in forma pauperis be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[3] To date, Plaintiff

---

[2] Needless to say, this Court offers no opinion about the sustainability of any state tort law claim that Plaintiff might attempt to bring against Defendant Galbert, and Plaintiff should not interpret this ruling as an encouragement to pursue a separate lawsuit against Galbert in state court.

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners can file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of

8

has paid only $3.22, so she still owes $346.78. Prison officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Application To Proceed <u>In Forma Pauperis</u>, (Docket No. 2), be **DENIED**;

2. Plaintiff's claims against Defendants Lloyd Boese and Andrew Fasching be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. The District Court should decline to exercise supplemental jurisdiction over Plaintiff's claims against Defendant Lavore Galbert, and such claims should be **SUMMARILY DISMISSED WITHOUT PREJUDICE**; and

4. Plaintiff should be required to pay the unpaid balance of the Court filing fee, namely $346.78, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: January 25 , 2011

                                          S/ *Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 8, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party

---

the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. <u>See</u> <u>In re Tyler</u>, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.